JAMES W. MOORE v. ROBERT AND EPPALETTA BROWN.

This was a suit to set aside a conveyance of land, on the ground that it was pro-
cured by fraud, and without any consideration.

It seems that the action for rescision of contracts or conveyances of lands does not
come within the purview of the Statutes relating to the action of trespass to try
title, and is consequently not controlled by them.

Appeal from Bastrop. Daniel E. Bayles had died in 1836,
leaving by will a half league of land to Eppaletta Moore, the
defendant's daughter, then a child, now Eppalletta Brown.
The defendant was administrator of said Bayles' estate. The
defendant moved on to the half league in 1849, and built a
cabin and opened a small field. In 1851 the plaintiffs made
him a deed for eight hundred acres, including his improve-
ments, upon the nominal consideration of eight hundred dol-
lars. The plaintiffs alleged that said conveyance was fraudu-
lently obtained by the defendant, in this, that he falsely in-
formed the plaintiffs that he had expended six or eight hun-
dred dollars of his own money, in the settlement of the estate
of Daniel E. Bayles, which the plaintiffs, owing to their rela-
tionship to the defendant, implicitly believed, and in consider-
ation thereof made said conveyance. The defendant alleged
that the deed was made in consideration of the care and atten-
tion that defendant had expended in protecting and taking
care of Eppaletta's land, in consideration of his having made a
settlement thereon, and in consideration of love and affection;
claimed value of his improvements, and alleged possession for.
three years. The deed was dated August 19, 1851; this suit
was commenced April 11th, 1854.

It was proved by the plaintiffs that they could neither read
nor write; that the defendant, instead of having paid out his
own money in the settlement of the estate of Bayles, had not ·

fully accounted for the assets which came to his hands; and that the defendant had told several persons, at different times, that the conveyance had been made to him on the consideration alleged in the petition.

Defendant proved by several persons that the plaintiffs had, at different times, said that the consideration of the conveyance was that alleged by the defendant in his answer. He also proved the value of his improvements. Plaintiffs proved yearly value of the land. The plaintiffs were married after the defendant settled on the land. The other facts are stated in the Opinion.

*Hamilton & Chandler*, for appellants.

*C. C. & A. D. McGinnis*, for appellees.

HEMPHILL, CH. J. This was a suit by appellees, Brown and wife, (who were plaintiffs below,) to set aside a deed executed by them in favor of the defendant, James W. Moore, (the appellant,) on the ground that he procured it to be made to him by false and fraudulent representations, there being no consideration whatever for the conveyance.

The defendant averred that there was valuable consideration, the ingredients of which were enumerated in his answer, and further alleged that he had occupied the land in good faith under the conveyance, and had made valuable improvements.

Evidence was adduced to prove the respective allegations of the parties, and the Court, charging fully the law of the case, as it arose upon the issue and the facts, submitted the cause to the jury, with instructions to find for plaintiffs if their allegations were established by proof, but if the averments of the answer were sustained by the evidence, then to find for the defendant; and if the verdict was for plaintiffs, they were also to be allowed for the use and occupation of the land, de-

Moore v. Brown.

ducting from the amount such sum as should be allowed the defendant for permanent and valuable improvements.

The jury found for plaintiffs the land described in the petition, and for the defendant two hundred and fifty dollars for improvements.

Various errors are assigned, but there appears to be no substantial objection to the judgment of the Court. The evidence was conflicting, but it was for the jury to reconcile the discrepancies, and there was no such preponderance of evidence on either side, as would have authorized their verdict to be disturbed, whether given for plaintiffs or defendant.

The only question of any importance is in relation to the finding on behalf of defendant for his improvements. The defendant (who is appellant) contends that this is grossly erroneous, that if the deed was procured by him through fraud, he should not have been allowed anything for improvements, and that their finding for improvements is equivalent to a verdict that he was a possessor in good faith, and that if so, he is entitled, under the Statutes regulating the actions of trespass to try title, to various rights, such as that the writ of possession should not issue for twelve months, &c., which have not been allowed him in the judgment, and which could not be allowed upon the verdict of the jury.

But to this the sufficient answer is, that this was not an action of trespass to try title. It was a suit to annul and set aside a conveyance of lands, and the tribunal before which such suit is brought has, no doubt, competent authority to adjust the equities of the respective parties, irrespective of the Statutes referred to. The action for rescision of contracts or conveyances does not come within the purview of these Statutes, and is consequently not controlled by them. And further, the judgment for the value of the improvements is against the plaintiffs. They have not appealed. They make no complaint; and it is not for the defendant to complain of a finding in his favor.

Judgment affirmed.